IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MESA DIGITAL, LLC,

    Plaintiff,

    v.

INGENICO, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-5238-TWT

**OPINION AND ORDER**

This is a patent infringement action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 17], which is GRANTED.

## I. Background[1]

This case arises from the Defendant Ingenico, Inc.'s alleged infringement of the Plaintiff Mesa Digital, LLC's patent—U.S. Patent No. 9,031,537 (the '537 patent). (Compl. ¶¶ 6, 8). The Plaintiff alleges that the "Defendant maintains, operates, and administers systems, products, and services that infringes one or more of claims 1-37 of the '537 patent." (*Id.* ¶ 8). The Plaintiff includes a claim chart attached as Exhibit B to its Complaint in support of its infringement allegations. (*Id.* ¶ 9). The Defendant now moves to dismiss the infringement claims against it.

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

## II.      Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Amwi. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.     Discussion

The Defendant moves to dismiss the Plaintiff's direct, indirect, and willful infringement claims for failure to state a claim. (Br. in Supp. of Def.'s Mot. to Dismiss, at 1–2). It contends that the direct infringement claim fails "because the Complaint does not plausibly allege the accused product sold by Ingenico includes all limitations of the asserted claims of [the '537 patent]." (*Id.* at 1). And it contends that the indirect and willful infringement claims fail because the '537 patent expired prior to any alleged knowledge of the patent on the Defendant's part. (*Id.* at 2). In response, the Plaintiff argues that dismissal of its claims is improper because its allegations are sufficient to state plausible direct and indirect infringement claims. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 4–6).[2]

Under federal law, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into

---

[2] The Plaintiff purports to withdraw its willful infringement claim. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 7). "[T]o ensure a final judgment is rendered in cases where a plaintiff wishes to withdraw a claim . . . the plaintiff [may] move for leave to amend his complaint under Rule 15 to omit the resolved claims." *Peden v. Stephens*, 2023 WL 8721429, at *2 (N.D. Ga. Dec. 18, 2023) (citation omitted). The Court therefore construes the Plaintiff's purported withdrawal as a motion to amend its Complaint to omit its willful infringement claim, which the Court grants. This Order effectuates this amendment such that the Plaintiff shall not be required to docket an Amended Complaint in order to conform the pleadings to the directives of this Order. *See Silver Comet Terminal Partners, LLC v. Paulding Cnty. Airport Auth.*, 2023 WL 2988443, at *9–10 (11th Cir. Apr. 18, 2023).

the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). The Federal Rules do not require, at the motion to dismiss stage, that a plaintiff "plead facts establishing that each element of an asserted claim is met," but the complaint "must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quotation marks, alterations, and citations omitted).

The Defendant's primary objection to the Plaintiff's infringement claims is that it fails to plead that the allegedly infringing product has bi-directional video capability. (Br. in Supp. of Def.'s Mot. to Dismiss, at 6–7; Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 3). The Court agrees that this omission is fatal to the Plaintiff's claims. Under Federal Circuit precedent, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Here, the Complaint makes no allegation explaining how the Defendant's credit card payment terminal device supports "bi-directional data communications of data including video and text." (Compl., Ex. A, at 24). Nor does the Plaintiff explain in its response brief how the

4

allegedly infringing product comes within the definition of Claim 1; it merely states the Ingenico product has a camera and that "[t]here would be no other reason to have a camera unless video communication is used." (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 4–5). But the Court again agrees with the Defendant that, aside from the lack of plausible allegations in the Complaint, the screenshot of the product that the Plaintiff provides in support makes no reference to a camera, much less bi-directional video. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 3–5; *see also* Compl., Ex. B, at 28–31).[3] Accordingly, the Plaintiff has failed to plead a plausible direct infringement claim under the '537 patent. Because the direct infringement claim fails, so too does the indirect infringement claim. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[L]iability for inducement must be predicated on direct infringement."). The Complaint should therefore be dismissed in its entirety.

### IV.   Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss [Doc. 17] is GRANTED without prejudice. The Clerk is DIRECTED to enter judgment in favor of the Defendant and to close the case.

SO ORDERED, this   21st   day of June, 2024.

---

[3] The Plaintiff directs the Court to the Defendant's website for "[f]urther evidence that a camera . . . is available, at least as an option, thereby providing evidence of bi-directional video communication." (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 6). Absent a website link provided by the Plaintiff, the Court declines to conduct its own research into whether the Ingenico product contains a camera or bi-directional video communication.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge